UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TERENCE D. MOON ,

                       Petitioner,

          -against-

DAVID ROCK,

                       Respondent.
------------------------------------------------------X
FEUERSTEIN, J.

**OPINION & ORDER**
**07 CV 5026 (SJF)**

On December 3, 2007, *pro se* petitioner Terence D. Moon ("Petitioner") filed a petition ("Petition") seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Before the Court is the motion of respondent David Rock ("Respondent") to dismiss the Petition for failure to commence this proceeding within the statute of limitations period provided under § 2244(d)(1). For the reasons set forth herein, Respondent's motion is granted.

I.    Background

On January 23, 2001, a judgment of conviction was entered against Petitioner in the County Court of the State of New York, Nassau County (Honorof, J.), upon a jury verdict finding him guilty of burglary in the second degree (N.Y. Penal Law § 140.25[2]), and imposing sentence. By Order dated October 4, 2004, the Supreme Court of the State of New York, Appellate Division, Second Judicial Department ("Appellate Division") affirmed the Petitioner's judgment of conviction. See People v. Moon, 11 A.D. 3d 486, 782 N.Y.S.2d 369 (2d Dept. 2004). On October 31, 2005, the New York Court of Appeals denied leave to appeal the order of

1

the Appellate Division. See People v. Moon, 5 N.Y.3d 855, 840 N.E.2d 144, 806 N.Y.S.2d 175 (2005). Petitioner did not seek certiorari from the United States Supreme Court.

In January 2007, Petitioner moved, pursuant to New York Criminal Procedure Law § 440.10, ("§ 440 Motion") to vacate the judgment of conviction. By Order dated June 25, 2007, the County Court of Nassau County denied Petitioner's motion. By Order dated November 7, 2007, Petitioner's application for leave to appeal to the Appellate Division was denied.

Petitioner now seeks a writ of habeas corpus pursuant to § 2254.

II. Discussion

A. Legal Standard

The Anti-Terrorism and Effective Death Penalty Act ("AEDPA") governs applications of incarcerated state court defendants seeking federal habeas corpus relief. The AEDPA imposes a one-year statute of limitations on the filing of federal habeas petitions. See 28 U.S.C. § 2244(d)(1). Pursuant to the AEDPA, the limitations period runs

> from the latest of-(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year statute of limitations period under the AEDPA may be statutorily tolled. Section 2244(d)(2) provides that "[t]he time during which a properly filed application for State

post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Although the "proper calculation of Section 2244(d)(2)'s tolling provision excludes time during which properly filed state relief applications are pending," the provision "does not reset the date from which the one-year statute of limitations begins to run." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000).

The one-year statute of limitations period under the AEDPA may also be tolled for equitable reasons. See Rodriguez v. Bennett, 303 F.3d 435, 438 (2d Cir. 2002) (holding that even though a petitioner is not entitled to automatic tolling mandated by section 2244(d)(2), under appropriate circumstances the petitioner may be entitled to equitable tolling); see also Cole v. Greiner, No. 01 Civ. 1252, 2003 WL 21812023, at * 2 (E.D.N.Y. Jul. 23, 2003) (holding that the ADEPA statute of limitations is not jurisdictional and may be tolled equitably). "Equitable tolling applies only" in "rare and exceptional circumstance[s]." Smith, 208 F.3d at 17 (citations and quotation marks omitted). "In order to equitably toll the one-year period of limitations," a petitioner "must show that extraordinary circumstances prevented him from filing his petition on time" and "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Id (citing Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996)); see also Smaldone v. Senkowski, 273 F.3d 133, 138 (2d Cir. 2001) (stating that "[t]o merit application of equitable tolling, the petitioner must demonstrate that he acted with reasonable diligence during the period he wishes to have tolled, but that despite his efforts, extraordinary circumstances beyond his control prevented successful filing during that time") (citations and quotation marks omitted).

B.  Application

The one-year statute of limitations runs from the date on which the judgment became final. A conviction becomes "final" under AEDPA when the highest state court concludes its direct review or when the time to seek direct review in the United States Supreme Court by writ of certiorari expires (which is ninety (90) days after entry of the judgment of conviction or of the order denying discretionary review). See Williams v. Artuz, 237 F.3d 147, 151 (2d Cir. 2001); Valverde v. Stinson 224 F.3d 129, 132 (2d Cir. 2000). Here, the New York Court of Appeals denied leave to appeal on October 31, 2005; thus, the conviction became "final" ninety (90) days later, on January 29, 2006. Therefore, the statute of limitations for filing a writ of habeas corpus expired one year later, on January 29, 2007, unless it was otherwise tolled.

The statute of limitations was statutorily tolled during the pendency of Petitioner's § 440 Motion. See 28 U.S.C. § 2244(d)(2); see also Smith, 208 F.3d at 17. Petitioner's § 440 Motion was notarized January 17, 2007, dated January 18, 2007, and filed with the Office of the Clerk of the County Court of Nassau County on or about January 31, 2007. Even assuming, *arguendo*, that Petitioner's § 440 Motion tolled the statute of limitations from January 17, 2007, the earliest possible date, through November 7, 2007, the date that the Appellate Division denied Petitioner leave to appeal the § 440 Motion, Petitioner had until November 19, 2007 to file his Petition. See, e.g, Geraci v. Sekowski, 211 F.3d 6, 9 (2d Cir. 2000)

Pursuant to the "prison mailbox rule," "a *pro se* prisoner's habeas petition is deemed filed at the moment he gives it to prison officials." Hardy v. Conway, 162 F. App'x. 61, 62, (2d Cir. 2006) (citing Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001); Walker v. Jastremski, 430 F.3d 560 (2d Cir. 2005)); see also Houston v. Lack, 487 U.S. 266, 270, 108 S.Ct. 2379, 101 L.Ed.2d 245

(1988). "[D]istrict courts in this circuit have engaged in a presumption that 'the petition is deemed filed as of the date it was notarized and presumably handed to correctional officials for mailing.'" Harris v. Senkowski, 298 F. Supp. 2d 320, 335 (E.D.N.Y. 2004) (quoting Owens v. Commissioner of Corr., No. 01 Civ. 1480, 2003 WL 22208496, at *2 n. 2 (D.Conn. Sept.4, 2003); citing DeVino v. Duncan, 215 F. Supp. 2d 414 n.1 (S.D.N.Y. 2002)).

Respondent contends that the Petition was filed on November 27, 2007 at the earliest. The Petition, which was filed with the Clerk of Court in the Office of the United Stated District Court for the Eastern District of New York on December 3, 2007, is not dated or notarized. However, on November 27, 2007, Petitioner authorized a deduction from his inmate account for the purpose of sending "legal mail" to the Court.[1] (State of New York, Dep't of Corr. Servs., Disbursement or Refund Req., attached as Ex. 1 to Resp't's Notice of Mot. to Dismiss the Pet., filed Jan. 30, 2008.) Therefore, Respondent asserts that this is the earliest possible date that the Petition could have been handed to a correctional official for mailing.

Petitioner does not assert what date that he gave the Petition to correctional officials for filing. However, in motion papers dated December 1, 2008, Petitioner moves for an order granting his Petition as timely based upon, *inter alia,*: (1) Petitioner's inability to verify the funds in his inmate account until November 23, 2007, "so that [P]etitioner [could] purchase the amount of stamps needed to send off [his] [P]etition;" (2) access to the law library being limited to "three hours a week;" and (3) delay of approximately four (4) days from the dates that decisions were

---

[1] According to the Great Meadow Correctional Facility, they have no record of any other legal correspondence sent by Petitioner to any federal court during the time between November 7, 2007 (the date that the Appellate Division denied Petitioner leave to appeal the § 440 Motion) and December 3, 2007 (the date that the Petition was received by the Clerk of the Court). (See Aff. in Supp. of Mot. to Dismiss Untimely Pet., filed Jan. 30, 2008, ¶ 21.)

rendered in the state courts and the time that he actually received such decisions. (Aff. in Supp. of Mot. to Grant Timely Pet., filed Dec. 8, 2008, ¶¶ 2-4.)[2] However, even assuming, *arguendo*, that the Petition was filed at the earliest on November 23, 2007, the date that Petitioner alleges that he received verification of his inmate account, the Petition is time barred unless it can be equitably tolled.

Petitioner has not demonstrated "rare and exceptional circumstance[s]" to justify equitable tolling. Smith, 208 F.3d at 391-92; see also Diaz v. Kelly, 515 F.3d 149, 153 (2d Cir. 2008) (stating that "a petitioner must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way'" to warrant equitable tolling) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); citing Smith, 208 F.3d at 17); Hizbullahankhamon v. Walker, 255 F.3d 65, 75 (2d Cir. 2001) (stating that "petitioner must 'demonstrate a causal relationship between the extraordinary circumstances on which the claim for equitable tolling rests and the lateness of his filing, a demonstration that cannot be made if the petitioner, acting with reasonable diligence, could have filed on time notwithstanding the extraordinary circumstances.'") (quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000).

Although Petitioner alleges that he had to wait until November 23, 2007 to receive verification of funds in his inmate account to purchase the postage to mail his Petition, Petitioner does not allege when he made such a request, what prevented him from making such a request

---

[2] In response to Respondent's motion to dismiss, Petitioner also filed a signed and allegedly notarized copy of the final page of the Petition. This copy, however, raises concerns as it indicates that the Petition was allegedly stamped by and sworn before a notary on November 23, 2008, almost one year after the Petition was filed with the Clerk of the Court, and this copy, although allegedly stamped and dated by a notary, is not signed by a notary.

earlier, or why he was unable to purchase postage anytime before November 23, 2007, during the twenty-two (22) months from January 2006 when is conviction became final. Petitioner's delay in securing postage, therefore, cannot be considered an extraordinary circumstance warranting equitable tolling.

Petitioner's additional grounds for equitable tolling are without merit. See Clay v. Artus, No. 08 Civ. 1633, 2008 WL 2537141, at * 2 (E.D.N.Y. June 24, 2008) ("Petitioner's vague allegation of 'problems getting to the law library' does not support a claim that he was prevented from filing the habeas petition in a timely manner.") (citations omitted); see also Matthews v. Artus, No 07 Civ. 4157, 2008 WL 111191, at *2 (E.D.N.Y. Jan. 9, 2008) (The facility's lockdown and petitioner's lack of access to the law library during the investigation and renovation period does not justify equitable tolling.") (citations omitted); see also Diaz v. Kelly 515 F.3d 149, 155 (2d Cir. 2008) (stating that "the statutorily tolled period in which state court proceedings are 'pending' ... does not include a brief interval between the entry of a state court order and its receipt a few days later after prompt mailing ..." however, "prolonged delay by a state court in sending notice of a ruling that completes exhaustion of state court remedies can toll the AEDPA limitations period.") (citations omitted); Geraci, 211 F.3d at 9.

Based upon the foregoing, the statute of limitations began to run on January 29, 2006. Petitioner did not file the § 440 Motion until January 17, 2007 at the earliest, more than eleven (11) months after the date that Petitioner's conviction became final. The statute of limitations period was tolled from January 17, 2007 through November 7, 2007, approximately two hundred and ninety four (294) days, during the pendency of Petitioner's § 440 Motion. See 28 U.S.C. § 2244(d)(2); see also Smith, 208 F.3d at 17. The one-year statute of limitations period expired on

November 19, 2007. Petitioner, however, did not file the instant Petition until November 23, 2007 at the earliest, four days after the statute of limitations expired.

Accordingly the Petition seeking a writ of habeas corpus pursuant to § 2254 is denied.

II. Conclusion

The Petition for writ of habeas corpus is DENIED in its entirety and the proceeding is dismissed. Since Petitioner has failed to make a substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. 28 U.S.C. § 2253; see also Miller-El v. Cockrell, 537 U.S. 322, 336, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); Luciadore v. New York State Div. of Parole, 209 F.3d 107, 112 (2d Cir. 2000); Kellogg v. Strack, 269 F.3d 100, 102 (2d Cir. 2001). Petitioner has a right to seek a certificate of appealability from the Court of Appeals for the Second Circuit. See 28 U.S.C. § 2253. The Clerk of the Court is directed to close.

**SO ORDERED.**

_____
Sandra J. Feuerstein
United States District Judge

Dated: December 15, 2008
Central Islip, New York

Copies to:

Terrence D. Moon
Five Points Correctional Facility
02-A-1000
State Route 96
P.O. Box 119
Romulus, NY 14541